N. SHERMAN READ, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

An indictment under the act in relation to lotteries (1 R. S. 666, § 29), charged that the accused "did unlawfully and knowingly offer to vend and to sell, and to barter and to furnish, and to supply and to procure, and to cause to be furnished and procured *to and for*" C. a lottery ticket. The indictment was assailed for duplicity in that it chårged two separate and distinct offenses, *i. e.,* a sale to C., and a sale to some third person for him. *Held,* untenable; that the indictment charged but a single offer to furnish to C. a lottery ticket for a consideration ; the fact that the offer gave the choice of modes did not transform it into two separate and distinct offenses.

(Argued June 23, 1881 ; decided October 11, 1881.)

ERROR to the General Term of the Supreme Court in the first judicial department, affirming a judgment of the Court of General Sessions in and for the city and county of New York, entered upon a plea of guilty to an indictment under section 29 of the Lottery Act (2 R. S. 666, § 29).

That portion of the indictment presenting the question discussed is set forth in the opinion.

*A. J. Dittenhoeffer* for plaintiff in error.   The indictment is void for repugnancy, as it charges in each count that the plaintiff in error sold to and for Anthony Comstock the lottery ticket in question.   (*Read* v. *People*, 1 Park. Cr. 487 ; *People* v. *Taylor*, 3 Denio, 98 ; *People* v. *Wright*, 9 Wend. 193 ; *State* v. *Nelson*, 8 N. H. 163 ; *State* v. *Lot*, 1 Richardson, 260; *Miller* v. *State*, 5 How. [Miss.] 250·; *Fisher* v. *State*, 33 Tex. 792 ; *Comm.* v. *Symons*, 2 Mass. 163.)   The only case where apparently two crimes can be charged in the same count is where they are of the same nature and necessarily so connected that they make, and, when both are committed, must constitute but one legal offense, as in the case of assault and battery. (*Long* v. *State*, 12 Ga. 293 ; *Comm.* v. *Powell*, 8 Bush, 7 ; 1 Bish. Crim. Proc., § 587 ; 1 Whart. C. L., § 295 ; 1 Arch. Crim. Pro. 275, 276, 284.)   The indictment, is

void for uncertainty. (1 Whart. Crim. Law, § 396; *State v. Smith,* 20 N. H. 399; *Rex* v. *Marshall,* 1 M. C. C. 158; *State of Louisiana* v. *Charles,* 18 La. Ann. 720). These objections relate to matters of substance, as the statement of the offense intended to be charged is uncertain and difficult to comprehend, and only defects in form affecting no substantial right are cured by verdict. (*Dawson* v. *The People,* 25 N. Y. 399, 402; *People* v. *Wright,* 9 Wend. 196; *Reed* v. *People,* 1 Park. 487; *State* v. *Howe,* 1 Rich. 260; *State* v. *Barrett,* 42 N. H. 466; 1 Wharton's Cr. L., § 369; *People v. Stockham,* 1 Park. 424; *People v. Johnson,* id. 564.) The defects in the indictment are now properly before the court, notwithstanding the plea of guilty. (*Polinsky* v. *People,* 11 Hun, 390; affirmed, 73 N. Y. 65; *People* v. *Stickham,* 1 Park. 424.)

*Daniel G. Rollins,* district attorney, for defendant in error. The indictment was not void for duplicity. (*Comm.* v. *Nichols,* 10 Allen, 199; *Stevens* v. *Comm.,* 6 Metc. 24 1; *Regina* v. *Bowen,* 1 Den. C. C. 22; *State* v. *Nelson,* 20 Me. 329; *Comm.* v. *Hall,* 4 Allen, 305; *Comm.* v. *Thomas,* 10 Gray, 483; *Comm.* v. *Eaton,* 15 Pick. 273; *Regina* v. *Jennings,* 1 Cox's C. C. 115; *Byne* v. *State,* 12 Wis. 519; *Beelby* v. *State,* 23 id. 204; *State* v. *Myers,* 10 Iowa, 448; *U. S.* v. *Sunder,* 6 McLean, 598; *Turnipseed* v. *State,* 5 Ala. [N. S.] 664; *State* v. *Whitted,* 3 Ala. 102; *State* v. *Hastings,* 53 N. H. 452; *State* v. *Murphy,* 47 Mo. 274.) Even if the indictment is open to the charge of duplicity, the defendant cannot now avail himself of the fact; the fault is cured by verdict. (*People* v. *Shotwell,* 27 Cal. 394; *State* v. *Holmes,* 28 Conn. 230; *People* v. *Burges,* 35 Cal. 115; *Coney* v. *The State,* 2 Texas Ct. App. 62; *State* v. *Brown,* 8 Humph. 89; *Comm.* v. *Luck,* 20 Pick. 356.)

FINCH, J. The indictment in this case is assailed for uncertainty, repugnancy and duplicity. All the objections turn upon the one construction, which imputes to the pleading an attempt to charge two separate and distinct offenses in one and the same count. The indictment alleges, following the language

of the statute, that the plaintiff in error " did unlawfully and knowingly offer to vend and to sell and to barter and to furnish and to supply, and to procure and to cause to be furnished and procured *to and for* one Anthony Comstock a certain paper and instrument purporting to be a ticket of a certain lottery," etc. It is claimed that this language charges the two separate and inconsistent offenses of a sale to Anthony Comstock, and a sale to some third person for Anthony Comstock. As no such sale to any third person is directly alleged, it must be evolved, if at all, out of the allegation of a sale "*for* Anthony Comstock," and requires us to hold that a sale *for* him necessarily implies that it could not also be a sale *to* him. But a sale to him might also be for him; that is for his own use and benefit. It would seem reasonable and natural rather to hold that construction than to argue out from the word "for" an unexpressed averment of a sale to some third person. But if this be not permissible, and not in accord with the technical and artificial modes of reasoning which have gathered about the criminal law, it is still to be observed that the pleading charges not a sale but an offer to sell to and procure for Anthony Comstock the lottery ticket. It was the illegal offer, the prohibited temptation, forbidden by the statute, which the indictment alleged. Such offer was a single offense, and none the less so because it embraced several things, each and all of which were illegal. It is urged that this construction is sophistical, and that the offer is not single, and although made in one breath still constitutes two offers — one to sell to Anthony Comstock, and one to sell to some third person for Anthony Comstock. We think the sophistry is in the latter construction. The offer was broad. It tempted by giving a choice of alternatives. It practically said to the listener, I will sell you a ticket for cash; I will barter it for merchandise; if I have not got it myself I will procure it for you and furnish it to you for a price. But in all of its forms the gist of the whole thing is a single offer to furnish to Anthony Comstock a lottery ticket for a consideration. It is a single offer, one offense, one temptation. That the offer gave the choice of modes, opportunity for selection, to the

person tempted only made the offer more dangerous, but did not transform it into two separate and distinct offenses. To hold the latter construction would be to travel further in the direction of technical and artificial reasoning when the tide of legislative enactment and judicial reflection is wisely setting in the opposite direction.

The judgment should be affirmed.

All concur.

Judgment affirmed.